UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                                §
                                      §
                                      §
CABRALES, MODESTO H, JR.              §   Case No. 11-20450
CABRALES, ESTER MARIA                 §
                                      §
                                      §
        Debtor(s)                     §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

     Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that MICHAEL G. BERLAND, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

     The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
> CLERK OF THE COURT
> 219 S. Dearborn
> Chicago, IL

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:15 AM on 03/15/2013 in Courtroom ,
> United States Courthouse
> Joliet City Hall
> 150 West Jefferson,2nd floor, Joliet, Illinois

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 02/05/2013          By: /s/ Michael G. Berland
                                                         Trustee


*MICHAEL G. BERLAND*
*1 NORTH LASALLE STREET*
*STE 1775*
*CHICAGO, IL 60602*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
CABRALES, MODESTO H, JR. § Case No. 11-20450
CABRALES, ESTER MARIA §
§
Debtor(s) §

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: MICHAEL G. BERLAND | $ | $ | $ |
| Trustee Expenses: MICHAEL G. BERLAND | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____
Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |
| 000002 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |
| 000003 | Capital One, N.A.<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX 75374 | $ | $ | $ |
| 000004 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | $ | $ | $ |
| 000005 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | GE Capital Retail Bank c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami FL 33131-1605 | $ | $ | $ |
| 000007 | GE Capital Retail Bank c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami FL 33131-1605 | $ | $ | $ |
| 000008 | GE Capital Retail Bank c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami FL 33131-1605 | $ | $ | $ |
| 000009 | GE Capital Retail Bank c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami FL 33131-1605 | $ | $ | $ |
| 000010 | GE Capital Retail Bank c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami FL 33131-1605 | $ | $ | $ |
| 000011 | GE Capital Retail Bank c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami FL 33131-1605 | $ | $ | $ |
| 000012 | Capital One, N.A. Bass & Associates, P.C. 3936 E. Ft. Lowell Road, Suite #200 Tucson, AZ 85712 | $ | $ | $ |

   Total to be paid to timely general unsecured creditors    $_____

   Remaining Balance    $_____

  Tardily filed claims of general (unsecured) creditors totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be percent, plus interest (if applicable).

  Tardily filed general (unsecured) claims are as follows:

            NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be percent, plus interest (if applicable).

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

            NONE

         Prepared By: /s/ Michael G. Berland_____
                  Trustee

*MICHAEL G. BERLAND*
*1 NORTH LASALLE STREET*
*STE 1775*
*CHICAGO, IL 60602*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.